UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

OHL NORTH AMERICA TRANSPORTATION;
and NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

Case No. 3:12-cv-1130-AC

Plaintiff(s)

OPINION
AND ORDER

v.

CHRIS CROSSLEY'S TRUCKING ADVENTURES.,

Defendant

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA, ("National Union")

and OHL North America Transportation ("OHL") (collectively, "Plaintiffs"), assert claims

against defendant Chris Crossley's Trucking Adventures ("Crossley Trucking"), for breach of

contract and negligence. Both parties agree that the claims are governed by 49 U.S.C. § 14706

(the "Carmack Amendment"). Crossley Trucking now moves to strike allegations relating to

breach of contract and negligence pursuant to Federal Rule of Civil Procedure ("Rule") 12(f),

asserting that those allegations are immaterial and impertinent in a Carmack Amendment case,

which applies to loss of or damage to goods moving in interstate commerce. *Adams Express Co.*

*v. Croninger*, 226 U.S. 491, 499 (1913).  Plaintiffs oppose the motion to strike, arguing that while neither breach of contract nor negligence need be pleaded to make out a *prima facie* case under the Carmack Amendment, breach of contract and negligence are both issues that are routinely litigated in Carmack Amendment cases.[1]

## Background

National Union is a cargo insurer.  (Compl. ¶ II.)  OHL, a freight forwarder and transportation management company, insured by National Union, was the shipper of the shipment of meat product ("the Shipment") at issue in this suit. (Compl. ¶ III.) Chris Crossley's Trucking Adventures is a common carrier of goods for hire and acted as the carrier of the Shipment. (Comp. ¶ IV.)  Crossley Trucking transported the Shipment from the Pilgrims Pride Corporation distribution center in Pittsburg, Texas, to Sygma Clackamas in Clackamas, Oregon, pursuant to bill of lading numbers 79513/79514, dated June 27, 2011.  (Compl. ¶ V.)  The Shipment was damaged during shipment as a result of temperature abuse. (Compl. ¶ VI.)

On June 25, 2012, Plaintiffs filed this action alleging breach of contract and negligence pursuant to the Carmack Amendment.  On October 25, 2012, Crossley Trucking filed a motion to strike arguing that breach of contract and negligence allegations are immaterial and impertinent in a Carmack Amendment case.

## Legal Standard

Pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

---

[1] Parties requested oral argument. The court concludes that oral argument is not necessary for disposition of this motion. Local Rule 7-1(d)(1).

*grounds*, *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534-535 (1994) (citing 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1382, at 706-07 (1990)).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711.

The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  Motions to strike are generally viewed with disfavor and are not frequently granted.  *See Bassiri v. Xerox Corp.*, 292 F. Supp. 2d 1212, 1220 (C.D. Cal. 2003), *rev'd on other grounds*, *Bassiri v. Xerox Corp.*, 463 F.3d 927 (9th Cir. 2006).

Courts must view the challenged pleading in the light most favorable to the pleader.  *See id.*  Generally, "motions to strike should be denied unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).  However, a motion to strike "may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party." *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007).

The Carmack Amendment "limits a carrier's liability under an interstate bill of lading to 'the actual loss or injury to the property caused by' the carrier.'" *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 n.2 (9th Cir. 2007).  The Supreme Court of the United States has held that the Carmack Amendment preempts all state statutory and common law claims against a motor carrier for loss of or damages to goods moving in interstate commerce. "Almost every detail of the subject [liability of an interstate motor carrier under a valid bill of lading] is covered so

completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express*, 226 U.S. at 499.

## Discussion

Neither party disputes that the Carmack Amendment governs this case. The Carmack Amendment imposes strict liability on all interstate carriers: "The Carmack Amendment imposes strict liability upon receiving carriers and delivering carriers in order to relieve cargo owners of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods." *Pacific Indem. Co. v. Atlas Van Lines, Inc.*, 642 F.3d 702, 711 (9th Cir. 2011) (citation omitted). To properly plead a Carmack Amendment claim, the plaintiff must show "that goods, which were dropped off in good condition, arrived in damaged condition (or not at all), and the amount of damages." *Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.*, 185 F. Supp. 2d 1103, 1111 (C.D. Cal. 2001) (citing *Missouri Pac. R.R. Co. v. Elmore and Stahl*, 377 U.S. 134, 138 (1964)).

Crossley Trucking contends allegations of breach of contract and negligence are immaterial and impertinent in Carmack Amendment cases because they are common law claims, and the Carmack Amendment preempts common law claims against a motor carrier for loss of or damage to goods moving in interstate commerce. *Adams Express*, 226 U.S. at 499. Plaintiffs admit neither breach of contract nor negligence claims need be pleaded by a plaintiff to make out a *prima facie* case under the Carmack Amendment.  However, Plaintiffs maintain they have not asserted these common-law causes of action.  Instead, Plaintiffs assert that allegations of breach of contract and negligence are issues routinely litigated in Carmack Amendment claims.

Negligence and breach of contract causes of action are pre-empted by the Carmack Amendment, so, the question is whether these allegations should be stricken from the pleadings. In *Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996) the plaintiffs, who were immigrant garment workers from Thailand, accused the defendants of falsely imprisoning them in a complex in El Monte, California, and employing them in a system of involuntary servitude. The plaintiffs filed both civil and criminal claims for personage and involuntary servitude, various labor violations, violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), violation of 42 U.S.C. § 1985(3), fraud, misrepresentation, intentional infliction of emotional distress, assault, and false imprisonment. *Id.* at 1458. In response, the defendants filed a motion to strike portions of the plaintiffs' first amended complaint. *Id.* at 1459.

The court agreed with the defendants that the inclusion of the term "Slave Sweatshop" in the pleadings should be stricken. The term "Slave Sweatshop" added nothing to the material allegations in the first amended complaint and appeared only for inflammatory effect. This was enough for the court to strike the term from the first amended complaint as immaterial, scandalous, and highly prejudicial. *Id.* at 1479.

The court then denied defendants' Rule 12(b)(3) motion as to less offensive language in the first amended complaint because this language was "extremely pertinent to plaintiffs' claims that defendants are their employers, that defendants engaged in unfair business practices, and that defendants were negligent." *Id.* at 1481. An example of language the court did not find to be impertinent, scandalous and material was: "[the defendants] contracted with [the operators] to produce garments at prices too low to permit payment of employees' minimum wages and overtime." The court also denied striking of "[m]anufacturers utilize the business practice of contracting out garment manufacturing work in part to avoid compliance with labor laws and

liability for violation of those laws." A third example of this less offensive language the court denied striking was: "[defendants] engaged and continue to engage in a pattern and practice of contracting at unfairly low prices by utilizing garment contractors who are not registered and/or who are chronic violators of labor laws, thus condemning plaintiffs and other garment workers to long hours of work without minimum wages and overtime pay." *Id.*

Similarly, in *Whittlestone, Inc. v. Handi-Craft Co.* 618 F.3d 970, (9th Cir. 2010), the Ninth Circuit reversed the trial court's order granting defendant's motion to strike. Plaintiff alleged it had suffered "lost profits," "consequential damages," and the "loss of value of the twenty year contract for Whittlestone products including minimum annual unit or dollar purchases by Handi-Craft" and other "unearned credits and discounts." *Id.* at 973-974. The Ninth Circuit then determined that this did not fulfill any of the five categories identified in Rule 12(f). *Id.* at 973. The Ninth Circuit first cautioned lower courts not to resolve "disputed and substantial factual or legal issue[s] in deciding a motion to strike." *Id.* The Ninth Circuit then found that "whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief" because the issue of the claim for lost profits could not be found immaterial at the pleadings stage. *Id.* at 974. Similarly, it was not appropriate to strike the claim as "impertinent" "because whether these damages are recoverable pertains directly to the harm being alleged." *Id.*

The standard for granting a motion to strike in a Carmack Amendment case is high. In *Tuggle v. Piggyback Consolidators, Inc.*, No. CV 96-3745 CBM, 1997 WL 900835, at *1 (C.D. Cal. Aug. 22, 1997), the court granted the defendant's motion to strike on grounds that the plaintiffs' state law claims of (1) breach of contract, (2) negligence, and (3) intentional infliction of emotional distress and request for punitive damages were pre-empted by the Carmack Amendment. *Id.* Similarly, in *FNS, Inc. v. Bowerman Trucking, Inc.*, No. 09-CV-0866-IEG

(PCL), 2010 WL 532421, at *5-6 (Feb. 9, 2010), the court granted a motion to strike the plaintiffs' prayer for attorney's fees because in a Carmack Amendment case, plaintiffs are entitled to attorneys' fees only when they are a shipper of household goods. *Id.* at *5-6 Because the plaintiffs argued that the apportionment provision in § 14706(B) allows a carrier to seek attorney's fees from the carrier who actually caused the loss, and Carmack Amendment case precedent only recognized the availability of attorney's fees under § 14708, when they are a shipper of household goods, the court in *FNS* granted the motion to strike. *Id.*

The case at hand is most similar to the *Whittlestone* case, because Plaintiffs' claims of negligence and breach of contact do not rise to the level of being prejudicial, immaterial, and impertinent.  The language of "negligence" and "breach of contract" are on par with language such as "lost profits" and "consequential damage" which the *Whittlestone* court found to not rise to the level of needing to be stricken from the pleadings.  Furthermore, the allegations here can be distinguished from *Bureerong*, because "breach of contract" and "negligence" do not rise to the level of being as prejudicial and unnecessary as the language "Slave Sweatshops."

In Carmack Amendment cases, the courts grant motions to strike state law claims and prayers for attorney fees because the Carmack Amendment clearly pre-empted the state law claims or did not provide for the attorney fees.  Here, "breach of contract" and "negligence" are not part of pre-empted state law claims, but simply alleged in support of the Carmack Amendment case.  Because the allegations of "breach of contract" and "negligence" are neither pre-empted by the Carmack Amendment, and do not contradict the Carmack Amendment's language, they should not be stricken from the pleadings at this time.

OPINION AND ORDER                              7                              {NDW}

*Conclusion*

For the reason stated, Defendant's Motion to Strike (#8) is DENIED.

DATED this 17th day of April, 2013.

                                        JOHN V. ACOSTA
                                United States Magistrate Judge

OPINION AND ORDER                    8                          {NDW}